IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN LENOIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18 cv 974 |
| ) | |
| CITY OF CHICAGO and CHICAGO POLICE ) | |
| OFFICERS NOEL ESQUIVEL, Star #7419, ) | |
| and CARLOS ROJAS, Star #14347, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MELVIN LENOIR, by and through counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS NOEL ESQUIVEL, Star #7419, and CARLOS ROJAS, Star #14347, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States of America.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF MELVIN LENOIR is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

4. DEFENDANT OFFICERS NOEL ESQUIVEL, Star #7419, and CARLOS ROJAS, Star #14347 ("Defendant Officers"), were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## FACTS

6. On March 21, 2017, Plaintiff MELVIN LENOIR was walking down the street when he was stopped and arrested by Defendant Officers for allegedly possessing drugs at or around 9:30 pm.

7. Plaintiff was taken to an alley between Van Buren and Congress at or around the 3800 block in Chicago, Illinois.

8. During Plaintiff's detention, he was strip searched, interrogated about narcotics activity, and objectively unreasonable force was used against him.

9. During the time Plaintiff was unlawfully detained by Defendant Officer, he overheard members of the Defendant Officers' team had stopped another individual.

10. Defendant Officers were not wearing body cameras, although the other members of Defendant Officers' team were wearing body cameras.

11. Defendant Officers then bundled Plaintiff into the back of their and brought him to the scene of another event that occurred at or around the 3900 block of Jackson.

12. After Plaintiff was finally brought to the police station, the booking officer refused him admittance without medical clearance.

13. As a result, Plaintiff was taken to Stroger Hospital.

14. At Stroger Hospital, Plaintiff was diagnosed with a fractured wrist and concussion.

15. From the time of his beating at the hands of Defendant Officers, Plaintiff continued to complain about pain.

16. On March 27, 2017, Plaintiff was taken back to Stroger.

17. There, he was diagnosed with rib contusions, or bruised ribs.

18. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Excessive Force
*Against Defendant Officers*

19. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

20. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

21. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, MELVIN LENOIR, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Illegal Search
*Against Defendant Officers*

22. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

23. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be unreasonably searched in violation of Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

24. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, MELVIN LENOIR, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 745 ILCS 10/9-102 – Indemnification
*Against Defendant City of Chicago*

25. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

26. Defendant City of Chicago is the employer of the Defendant Officers.

27. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, MELVIN LENOIR, demands that, should Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

### COUNT IV: FOIA Violation

28. On December 27, 2017, Plaintiff sent the Civilian Office of Police Accountability, an agency of Defendant City of Chicago, a FOIA Request for "[a]ny and all records related to Log # 1084929." Defendant received the request on or by December 28, 2017. A true and correct copy of the Request is attached as Exhibit A.

29. As of the date this Complaint was filed, Defendant has not responded to the Requests.

30. Upon information and belief, agents of Defendant with knowledge of the request were aware, from December 28, 2017, through the deadline to respond, that FOIA required a response to the Request within five business days unless an extension of another five business days was taken by the initial five-day deadline.

31. Upon information and belief, all of the agents of Defendant took the annual FOIA training required by the FOIA statute. Annual FOIA training materials and the FOIA statutory language make clear that FOIA required a response to the Request within five business days unless an extension of another vide days was taken by the initial five-day deadline.

32. Upon information and belief, Defendant's employees with the authority to set policies and procedures that govern FOIA responses ("Defendant's FOIA Supervisors") were aware, on or before the deadline to respond to the Requests, that in 2014 Defendant had

been sued multiple times and made the subject of multiple Attorney General Public Access Counselor requests for review for failing to respond to FOIA requests in a timely manner.

33. Upon information and belief, multiple City of Chicago employees have been aware of the Requests during some or all of the time period from December 28, 2017, to the date this Complaint was filed.

34. Defendant has willfully and intentionally violated FOIA by failing to respond to the Request.

WHEREFORE the Plaintiff, MELVIN LENOIR, demands judgement against the Defendant, CITY OF CHICAGO, and enjoin Defendant from withholding non-exempt public records under FOIA, order Defendant to pay civil penalties, award Plaintiff reasonable attorneys' fees and costs, and provide any such other relief as this deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

MELVIN LENOIR

By: s/ Jeanette Samuels
One of Plaintiff's Attorneys

Jeanette Samuels
SAMUELS & ASSOCIATES, LTD.
2925 S. Wabash Avenue
Chicago, IL 60616
T: 872-588-8726
F: 872-444-3011
E: sam@jsamlaw.com

# Exhibit A

# FOIA Request

## Jeanette Samuels

Wed 12/27/2017 3:38 PM

Sent Items

To: COPA-FOIA@chicagocopa.org <COPA-FOIA@chicagocopa.org>;

To Whom It May Concern:

Please consider the following as a FOIA request on behalf of Mr. Melvin Lenoir and respond via email to:

Jeanette Samuels
3440. S. Cottage Grove, #504
Chicago, Illinois 60616
Phone: 872.588.8726
Email: sam@jsamlaw.com

<u>Records sought:</u>
Any and all records related to Log # 1084929.

This request is not for commercial purposes.

Cordially,
---
Jeanette "Sam" Samuels
Samuels & Associates, Ltd.

**Westside Location**
601 S. California Ave
Chicago, Illinois 60612

**Southside Location**
3440 S. Cottage Grove, #504
Chicago, IL 60616